UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DIENER BENGURIA, individually,
Plaintiff,

v.

COLLECTION CONSULTING SERVICES OF FLORIDA, INC., a Florida corporation,

**JURY DEMAND**

Defendant.
_______________________________________/

## COMPLAINT

1. Plaintiff DIENER BENGURIA alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") against Defendant COLLECTION CONSULTING SERVICES OF FLORIDA, INC.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the correspondence forming the basis of this action were sent by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received letters from Defendant within this District.

## PARTIES

5. Plaintiff DIENER BENGURIA is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6. Defendant COLLECTION CONSULTING SERVICES OF FLORIDA, INC. ("Collection Consulting Services") is a debt collector that operates from offices located at 4833 N. Dixie Highway, Oakland Park, FL 33334; Plaintiff further alleges that Collection Consulting Services is a citizen of the State of Florida.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendant regularly collects or attempts to collect consumer debts for other persons.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

10. Plaintiff previously incurred two debts to Mount Sinai Medical Center in connection with personal medical services.

11. Defendant Collection Consulting Services was subsequently engaged to attempt to collect the aforementioned debts.

12. On July 7, 2015, in pursuit of these debts, Defendant sent two dunning letters to the Plaintiff demanding payment of the aforementioned debts. True and correct copies of the Defendant's dunning letters are attached hereto and incorporated herein as Exhibit A and Exhibit B.

13. Despite being a debt collector, Defendant's letters are constructed to appear as though Mount Sinai Medical Center had sent them directly to the Plaintiff.

14. Further, the address from which the letters were sent belongs to Defendant, and telephone calls to the "Customer Service Department" telephone number listed in the dunning letters are answered in the name of Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff incorporates paragraphs 1 through 14 herein.

16. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, as required by 15 U.S.C. § 1692g(a)(3).

17. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, as required by 15 U.S.C. § 1692g(a)(4).

18. Defendant violated 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act by failing to send the Plaintiff a written notice within five days after the initial communication stating that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, as required by 15 U.S.C. § 1692g(a)(5).

19. Defendant violated 15 U.S.C. § 1692e(11) of the Fair Debt Collection Practices Act by failing to disclose in the initial written communication to Plaintiff that it was attempting to collect a debt and that any information would be used for that purpose.

20. Defendant violated 15 U.S.C. § 1692e(14) of the Fair Debt Collection Practices Act by using a business name other than the true name of the debt collector's business, company, or organization.

WHEREFORE, Plaintiff DIENER BENGURIA requests that the Court enter judgment in favor of Plaintiff and against Defendant COLLECTION CONSULTING SERVICES OF FLORIDA, INC. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. attorney's fees, litigation expenses, and costs of the instant suit, and;

d. such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 17th day of July, 2015.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069